IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHALUMEAU POWER SYSTEMS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1175 (RGA) |
| | ) | |
| ALCATEL-LUCENT, | ) | |
| ALCATEL-LUCENT USA INC. and | ) | |
| ALCATEL-LUCENT HOLDINGS INC., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' BILL OF COSTS

Pursuant to Fed. R. Civ. P. 54(d)(1) and Local Rule 54.1, Defendants Alcatel-Lucent

USA Inc. and Alcatel-Lucent Holdings Inc. (collectively "Alcatel-Lucent" or "Defendants")

hereby seek payment of their taxable costs totaling $68,104.28. These costs only include

expenses specifically allowed by 28 U.S.C. § 1920, and do not represent all costs incurred by

Alcatel-Lucent in defending this lawsuit. This Bill is supported by the accompanying

Declaration of Lana Shiferman ("Shiferman Declaration"), and Exhibits thereto, filed herewith.

A breakdown of the taxable costs is also provided in the attached Form AO 133. *See* Exhibit 1.

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Chalumeau Power Systems LLC ("Chalumeau" or "Plaintiff") filed suit against

Alcatel-Lucent asserting that certain Alcatel-Lucent products infringed U.S. Patent

No. 5,991,885 (the "'885 patent").[1] Alcatel-Lucent filed affirmative defenses asserting *inter*

*alia* that the '885 patent was not infringed and invalid. The Court held a Markman Hearing on

September 20, 2013 and issued its Memorandum Opinion on October 30, 2013, largely adopting

Defendants' proposed constructions. Based on the Court's claim construction, on January 28,

---

[1]    Alcatel-Lucent hereby incorporates by reference its Motion for Attorneys' Fees Under
35 U.S.C. § 285, which was filed simultaneously with this motion.

2014, Chalumeau moved to dismiss its claims with prejudice.  On January 31, 2014, the Court granted the motion to dismiss with prejudice.

From the start, Alcatel-Lucent believed that Chalumeau's claims were wholly baseless. Its belief was confirmed by this Court's claim construction and Chalumeau's subsequent motion to dismiss its claims with prejudice.  Despite its belief, Alcatel-Lucent had no choice but to expand significant costs defending itself in this case.

Accordingly, pursuant to Fed. R. Civ. P. 54(d)(1), Alcatel-Lucent respectfully seeks its costs allowable under Rule 54, as Alcatel-Lucent is the prevailing party in this action.

## II.     CHALUMEAU SHOULD BE REQUIRED TO PAY ALCATEL-LUCENT'S TAXABLE COSTS

### A.     Costs Are To Be Awarded To The Prevailing Party

Pursuant to Rule 54, "costs – other than attorneys' fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  There is a strong presumption that costs are to be awarded to the prevailing party. *Reger v. Nemours Found., Inc.,* 599 F.3d 285, 288 (3d Cir. 2010).

### B.     Alcatel-Lucent Is The Prevailing Party

Chalumeau's claim that Alcatel-Lucent infringed the '885 patent has been fully resolved in Alcatel-Lucent's favor and thus Alcatel-Lucent is the prevailing party for purposes of 28 U.S.C. § 1920.  The Federal Circuit has held that a party is the "prevailing party" when "it obtained an enforceable judgment on the merits or a court-ordered consent decree that materially altered the legal relationship between the parties, or the equivalent of either of those." *Rice Servs., Ltd. v. United States*, 405 F.3d 1017, 1025 (Fed. Cir. 2005) (applying *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.,* 532 U.S. 598 (2001)).  Where, as here, Alcatel-Lucent obtained from Chalumeau a voluntary dismissal with prejudice, Alcatel-

Lucent is the prevailing party for purposes of 28 U.S.C. § 1920. *See United Access Techs., LLC v. EarthLink, Inc.*, No. 02-272, 2012 WL 2175786 *1 (D. Del. June 14, 2012) ("a defendant is the prevailing party 'upon a dismissal or summary judgment or other termination of the case without judgment for the plaintiff on the merits'") (quoting L.R. 54.1(c)).

### C.   The Costs That Alcatel-Lucent Seeks Are Allowable Pursuant to Rule 54 and Section 1920

The Court's discretion in awarding costs is limited to awarding costs that are within the scope of 28 U.S.C. § 1920; *Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1374 (Fed. Cir. 2006). Section 1920 provides that a judge or clerk may tax as costs the following:

(1)   Fees of the clerk and marshal;

(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)   Docket fees under section 1923 of this title;

(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

All of the taxable costs sought by Alcatel-Lucent as part of its motion are of the type contemplated and allowable by § 1920. The total of taxable costs to which Alcatel-Lucent is entitled is broken down in the following manner.

Fees of the Court Reporter (Transcripts of Court Hearings, Deposition Transcripts and Videotapes, Court Reporter and Videographer Fees) ...................................................................$ 25,970.02

Fees For Witnesses .......................................................................$ 280.00

3

Fees For Exemplification, Copies and Printing of Papers
Necessarily Obtained for Use in this Case....................................$ 41,854.26

**TOTAL**.................................................................................................**$  68,104.28**

### 1.      DEPOSITION COSTS

#### a.      Authority for Costs

The costs of printed or electronically recorded transcripts necessarily obtained for use in

the case are taxable.  28 U.S.C. § 1920(2).  The reporter's reasonable charge for the original and

one copy of the deposition and the reasonable cost of electronically recording a deposition are

taxable where a substantial portion of the deposition is actually used in the resolution of a

material issue in the case.  L.R. 54.1(b)(3).  "Even if a deposition is not introduced at trial, a

district court has discretion to award costs if the deposition was necessarily obtained  for use in a

case and was not 'purely investigative."  *Smith v. Tenet Healthsystem  SL, Inc.,* 436 F.3d 879,

889 (8th Cir. 2006).  The costs for videotaping depositions are also taxable.  *In re Ricoh, Ltd.*

*Patent Lit.,* 661 F.3d 1361, 1365 (Fed. Cir. 2011).

#### b.      Itemization of Costs

Alcatel-Lucent  necessarily  incurred  **$24,216.47**  in  taxable  costs  for  the  deposition

transcripts in this matter.  A spreadsheet and supporting documentation for these costs are

attached  as Exhibit 2 to the Shiferman Declaration.

### 2.      TRANSCRIPTS FEES

#### a.      Authority for Costs

The costs of printed or electronically recorded transcripts necessarily obtained for use in

the case are taxable.  28 U.S.C. § 1920(2).  Under Local Rule 54.1(b)(2), the cost of the originals

transcripts for matter prior to and subsequent to trial is taxable when requested by the Court or

pursuant to a stipulation.

### b.    Itemization of Costs

Alcatel-Lucent necessarily incurred **$1753.55** in taxable fees for hearing transcripts, including motion hearings and the *Markman* hearing.  These transcripts were used by the parties in briefing before this Court and in establishing case strategy.  A spreadsheet and supporting documentation for these costs are attached  as Exhibit 3 to the Shiferman Declaration.

### 3.    WITNESS FEES

### a.    Authority for Costs

The costs for the expenses of trial witnesses are taxable. D. Del. L.R. 54.1(b)(4). These taxable expenses include the statutory witness fee of $40.00 per day of attendance.  *Id.*; 28 U.S.C. § 1821.

### b.    Itemization of Costs

Alcatel-Lucent is entitled to **$280.00** in witness fees.  These costs consist of the statutory amounts for the witness fees under 28 U.S.C. § 1821(c)(1).  A summary of taxable witness costs is  included  in the Shiferman Declaration, Exhibit 4.  Alcatel-Lucent seeks witness fees for seven fact witnesses:  Wen Chang and Fang Yu, named inventors of the patent-in-suit; Clarinet Systems, Inc., the original patent owner; and current and former Acacia employees, Eric Ahroon, Bradley Botsch, and Dooyong Lee, and Acacia Research Group, LLC (Clayton Haynes).  The depositions of Messrs. Chang and Yu and Clarinet were necessary in order to develop evidence concerning damages, the commercial failure of Clarinet's products that embodied the patented system in the market place, the negotiations between Acacia and Clarinet regarding the acquisition of the '885 patent.  The deposition of Erik Ahroon was necessary because he was the Acacia employee that was responsible for "bringing in" the '885 patent to Acacia.  The depositions of Bradley Botsch was necessary because he was the Acacia employee initial

responsible for the acquisition and enforcement of the '885 patent, including the negotiations of the RPX License Agreement. The deposition of Dooyong Lee was necessary because Mr. Lee was Acacia's former CEO and was involved in Acacia's decision to acquire the '885 patent. Finally, the deposition Acacia was necessary because it was the entity that purchased the '885 patent from Clarinet and directly controlled Chalumeau's enforcement and licensing efforts. All of the third party-depositions in this case were made even more necessary due to the unreasonable (and contrary to law) position taken by Chalumeau during the litigation that it did not have "control" of any Clarinet or Acacia information concerning, e.g., the conception and reduction to practice of the invention claimed in the '885 patent, Clarinet's products that embodied the '885 patent, Acacia's acquisition of the '885 patent, and/or Acacia's valuation of the '885 patent. *See* Alcatel-Lucent's Opening Brief in Support of Its Motion for Attorneys' Fees at 16-17.

### 4.   PRINTING AND COPYING COSTS

#### a.   Authority for Costs

Fees and disbursements for printing are taxable. 28 U.S.C. § 1920(3). The costs of making copies of any material are taxable where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920(4). The cost of one copy of a document is taxable when admitted into evidence. D. Del. L.R. 54.1(b)(5). In addition, the cost of copies of an exhibit necessarily attached to a document required to be filed and served is taxable. *Id.*

#### b.   Itemization of Costs

Alcatel-Lucent necessarily incurred **$564.09** in costs for printing and copying in this case. A spreadsheet and supporting documentation for these costs are attached as Exhibit 5 to the Shiferman Declaration.

6

## 5.   **ELECTRONIC DISCOVERY COSTS**

### a.   **Authority for Costs**

A prevailing party may claim other costs where the claim is substantiated by reference to a statute or binding court decision. Del. L. R. 54.1(b)(11). A court may tax "fees and disbursements for printing and witnesses" and "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. §§ 1920(3) and (4). Pursuant to §§ 1920(3) and (4), Courts, including district courts in the Third Circuit, have awarded costs related to electronic discovery. *See, e.g., In re Aspartame Antitrust Litig.,* 817 F. Supp. 2d 608, 615 (E.D. Pa. 2011) (awarding collection and imaging costs under §1920(4)); *Chenault v. Dorel Indus., Inc.*, No. A-08-CA-354, 2010 WL 3064007 *4 (W.D. Tex. Aug. 2, 2010) (awarding costs for an electronic database and noting that "electronic data was produced in lieu of extremely costly paper production"). Electronic discovery has become not merely routine but mandatory. Therefore, the costs associated with the creation and maintenance of an electronic database represent the costs for copies of papers necessarily obtained for use in a case, and therefore, are recoverable under § 1920(4). *See, e.g., Brown v. McGraw-Hill Cos.,* 526 F. Supp. 2d. 950, 959 (N.D. Iowa 2007) (holding that the electronic production of documents is "the modern-day equivalent of 'exemplification and copies of paper,' and therefore, can be taxed pursuant to § 1920(4)").

Costs incurred at all stages of electronic discovery may be taxed. Courts have taxed costs incurred in creating a litigation database, including processing and indexing of electronic data, keyword searching, and de-duplication. *See, e.g., In re* Aspartame, 817 F. Supp. 2d at 615 (awarding costs for creation of litigation database, hosting data, conducting keyword searches, and removing duplicate documents, including hourly charges for technicians). And, most

7

obviously, courts have also taxed costs incurred as a result of document production. *See, e.g., id.* at 616 (awarding costs for creating searchable TIFFs and load files). Because the electronic processing costs were incurred in lieu of the cost of copying hundreds of thousands of pages of documents and were "necessarily obtained for use in the case," these costs are taxable under 28 U.S.C. §§ 1920(3) and (4). *Id.* at 615-16; *Dorel,* 2010 WL 3064007 at *4.

### b.    Itemization of Costs

Alcatel-Lucent necessarily incurred **$41,290.17** in costs for e-discovery, including the collection, processing and production of electronic documents in this case. A spreadsheet and supporting documentation for these costs are attached as Exhibit 6 to the Shiferman Declaration.

In this matter, the parties produced documents in electronic format pursuant to the District of Delaware's Default Standard for Discovery, Including Discovery of Electronically Stored Information. Defendants' documents were loaded into an electronic database for this matter. Certain documents were processed for production, including creating load files, TIFFing and branding/endorsement. The cost of the attorney review is not included in this bill of costs. These costs were incurred in response to the document requests served by Chalumeau.

### CONCLUSION

For the reasons given above, Alcatel-Lucent's bill of costs pursuant to 28 U.S.C. § 1920, Rule 54(d) of the Federal Rules of Civil Procedure and District of Delaware Local Rule 54.1 should be allowed and Alcatel-Lucent should be awarded $68,104.28.

8

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_____

Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

*Attorneys for Alcatel-Lucent USA Inc. and
Alcatel-Lucent Holdings Inc.*

OF COUNSEL:

J. Anthony Downs
Lana S. Shiferman
Robert Frederickson III
GOODWIN PROCTER LLP
53 State Street
Boston, MA  02109
(617) 570-1000

February 14, 2014
8002819.1

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 14, 2014, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                    *VIA ELECTRONIC MAIL*
Rosemary J. Piergiovanni, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801

James A. Jorgensen, Esquire                             *VIA ELECTRONIC MAIL*
Michael E. Lee, Esquire
Joshua B. Long, Esquire
LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.
1800 Augusta Drive, Suite 250
Houston, TX  77057

Hemant H. Kewalramani, Esquire                      *VIA ELECTRONIC MAIL*
LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.
440 West 1st Street, Suite 205
Tustin, CA  92780

Jack B. Blumenfeld (#1014)