IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHALUMEAU POWER SYSTEMS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 11-1175 (RGA) |
| | ) |
| ALCATEL-LUCENT, | ) |
| ALCATEL-LUCENT USA INC. and | ) |
| ALCATEL-LUCENT HOLDINGS INC., | ) |
| | ) |
| Defendants. | ) |

**DECLARATION OF LANA S. SHIFERMAN IN SUPPORT OF
DEFENDANTS' BILL OF COSTS PURSUANT TO 28 U.S.C. § 1920**

I, Lana S. Shiferman, under penalty of perjury, declare as follows:

1. I am a partner in the law firm of Goodwin Procter LLP, counsel for Defendants Alcatel-Lucent USA Inc. and Alcatel-Lucent Holdings Inc. (collectively "Alcatel-Lucent" or "Defendants"). I submit this declaration in support of Defendants' Bill of Costs Pursuant to 28 U.S.C. § 1920.

2. Unless otherwise stated, I have personal knowledge of the facts set forth below, and if called as a witness, could and would competently testify thereto.

3. On January 28, 2014, Chalumeau moved to dismiss its claims with prejudice. On January 31, 2014, the Court granted the motion to dismiss with prejudice. Chalumeau recovered none of the relief sought in its patent infringement case against Alcatel-Lucent. Accordingly, Alcatel-Lucent is the prevailing party in Chalumeau's affirmative patent infringement case and is entitled to recover costs pursuant to Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

4. The costs included in Alcatel-Lucent's Bill of Costs are correctly stated and were necessarily incurred in this action. Further, the items in Alcatel-Lucent's Bill of Costs are fairly attributable to Alcatel-Lucent's defense of the claims asserted by Chalumeau in this litigation and

are recoverable by Alcatel-Lucent under 28 U.S.C. § 1920, Local Rule 54.1, and relevant case law.

5.  I have reviewed the records kept by my firm of the costs and expenses incurred on Alcatel-Lucent's behalf since Goodwin Procter began incurring taxable costs in connection with its representation of Alcatel-Lucent in this matter.

6.  Attached hereto as Exhibit 1 is a true and correct copy of Federal Form AO 133 listing Alcatel-Lucent's Bill of Costs.

7.  For Fees of the Court Reporter, Alcatel-Lucent incurred taxable costs in the amount of $25,970.02. Of this amount, $24,216.47 relates to depositions, and $1753.55 relates to hearing transcripts. Attached as Exhibit 2 is a true and correct copy of a spreadsheet listing each deponent, the date of each deposition, the date of each invoice, the name of each court reporting service and the taxable costs associated with each deposition. Immediately following the spreadsheet are the vendor invoices listed on the spreadsheet. These invoices include the reporter's reasonable charge for the original and one copy of a deposition and exhibits and the reasonable cost of taking a deposition electronically recorded, as well as other attendant charges with the taking of the deposition and obtaining transcripts in a form that could be read and used with courtroom technology during trial and trial preparation. I have reviewed the invoices for all requested transcripts and find the charges reasonable and necessary for maintenance of this case. The requested deposition transcripts were for depositions where a substantial portion of the deposition was used in the resolution of a material issue in the case. Attached as Exhibit 3 is a true and correct copy of a spreadsheet listing the subject of each hearing, the date of each hearing, the invoice number, the name of the court reporting service and the costs associated with each hearing. Immediately following the spreadsheet are true and correct copies of invoices for

the court reporter costs for the hearings. The stenographic transcripts of these hearings were necessarily obtained for use in briefing and trial preparation.

8.  In the category of Witness Fees, Alcatel-Lucent is seeking costs in the amount of $280.00. Attached as Exhibit 4 is a true and correct copy of a spreadsheet showing a detailed itemization of these costs. For fact witnesses, this includes witness fees at $40.00 per day.

9.  In the category of Fees for Printing and Copying, Cisco is seeking copying costs in the amount of $564.09. This amount does not represent all copying costs incurred by Cisco in defending this lawsuit. Attached as Exhibit 5 is a true and correct copy of a spreadsheet showing a detailed itemization of these requested costs. The following copying costs were reasonably necessary: three (3) copies of deposition exhibits for those depositions taken by Alcatel-Lucent, including one (1) copy for each of Alcatel-Lucent's counsel, Chalumeau's counsel and the court reporter. Copies were billed to Alcatel-Lucent's counsel at a rate of 19 cents/page for black and white copies and 50 cents/page for color copies. The costs for printing and copying were no higher than what is generally charged for reproduction in the local area, and the costs only account for those that were actually necessarily reproduced.

10. In the category of Fees for Printing and Copying, Alcatel-Lucent is seeking production costs in the amount of $41,290.17. Attached as Exhibit 6 is a true and correct copy of a spreadsheet showing a detailed itemization of these requested costs. Immediately following the spreadsheet are the vendor invoices listed on the spreadsheet. Alcatel-Lucent is seeking reimbursement of costs associated with the production of its own documents to Chalumeau. The parties produced documents in electronic format pursuant to the District of Delaware's Default Standard for Discovery, Including Discovery of Electronically Stored Information. Thus, it was reasonably necessary for Alcatel-Lucent to have its documents processed electronically and

prepared for electronic production with TIFF conversion, optical character recognition (OCR), branding/endorsement with bates numbers and confidentiality designations, and creation of load files.

11. I have reviewed the costs and find the charges necessary for maintenance of this case.

12. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 14, 2014 at Boston, MA.   /s/ Lana S. Shiferman
　　　　　　　　　　　　　　　　　　　　　　　　　Lana S. Shiferman

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on February 14, 2014, upon the following in the manner indicated:

Brian E. Farnan, Esquire　　　　　　　　　　　　　　　　*VIA ELECTRONIC MAIL*
Rosemary J. Piergiovanni, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801

James A. Jorgensen, Esquire　　　　　　　　　　　　　　*VIA ELECTRONIC MAIL*
Michael E. Lee, Esquire
Joshua B. Long, Esquire
LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.
1800 Augusta Drive, Suite 250
Houston, TX  77057

Hemant H. Kewalramani, Esquire　　　　　　　　　　　　*VIA ELECTRONIC MAIL*
LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.
440 West 1st Street, Suite 205
Tustin, CA  92780

　　　　　　　　　　　　　　　　　　　　　　*/s/ Jack B. Blumenfeld*
　　　　　　　　　　　　　　　　　　　　　　Jack B. Blumenfeld (#1014)