IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHALUMEAU POWER SYSTEMS LLC, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>ALCATEL-LUCENT, ALCATEL-LUCENT )<br>USA INC. and ALCATEL-LUCENT )<br>HOLDINGS INC., )<br>)<br>    Defendants. ) | C.A. No. 11-1175 (RGA)<br><br>REDACTED - PUBLIC VERSION |

**DECLARATION OF LANA SHIFERMAN IN SUPPORT OF ALCATEL-LUCENT'S
MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**

                                                                          MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                                                          Jack B. Blumenfeld (#1014)
                                                                          Paul Saindon (#5110)
                                                                          1201 North Market Street
                                                                          P.O. Box 1347
                                                                          Wilmington, DE  19899
                                                                          (302) 658-9200
                                                                          jblumenfeld@mnat.com
                                                                          psaindon@mnat.com

                                                                          *Attorneys for Alcatel-Lucent USA Inc. and
                                                                          Alcatel-Lucent Holdings Inc.*

OF COUNSEL:

J. Anthony Downs
Lana S. Shiferman
Robert Frederickson III
GOODWIN PROCTER LLP
53 State Street
Boston, MA  02109
(617) 570-1000

February 14, 2014 - Original Filing Date
February 21, 2014 - Redacted Filing Date

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CHALUMEAU POWER SYSTEMS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-1175 (RGA) |
| | ) | REDACTED - PUBLIC VERSION |
| ALCATEL-LUCENT, ALCATEL-LUCENT USA INC. and ALCATEL-LUCENT HOLDINGS INC., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF LANA SHIFERMAN IN SUPPORT OF ALCATEL-LUCENT'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285**

I, Lana Shiferman, declare as follows:

1. I am a partner in the law firm of Goodwin Procter LLP ("Goodwin Procter"), counsel for Defendants Alcatel-Lucent USA Inc. and Alcatel-Lucent Holdings Inc. ("Alcatel-Lucent"). I submit this declaration in support of Alcatel-Lucent's Motion to Recover Attorneys' Fees Pursuant to 35 U.S.C. § 285. Unless otherwise stated, I have personal knowledge of the facts set forth below, and if called as a witness, could and would competently testify thereto.

    **A.**    **Firm and Billing Rate Information**

2. Goodwin Procter is a national law firm with approximately 800 attorneys across eight offices in the U.S., Asia and Europe. In 2013, it was ranked 39 in the *American Lawyer*'s annual list of top law firms by revenue. Goodwin Procter's intellectual property ("IP") litigation practice consists of approximately 80 attorneys and scientists and has been ranked by *IP Law and Business* as one of the top IP defense firms having one of the nation's most active patent litigation practices, and was recognized as a "Tier 1" law firm for the second consecutive year for patent litigation by *U.S. News – Best Lawyers*.

3.  Goodwin Procter sets billing rates based upon a particular lawyer's experience level and area of practice.  Every year, Goodwin Procter conducts a careful and comprehensive review of our standard billing rates to ensure they are competitive with rates being charged by "peer" law firms.  The process involves a thorough review of Goodwin Procter's rates as compared to comparable firms using several leading data sources, including billing rate surveys from PricewaterhouseCoopers and Citigroup, as real-time data from a tool called *Peer Monitor*®.  With this data, Goodwin Procter ensures that its billing rates are commensurate with the prevailing market rates charged by Goodwin Procter's peer firms that have offices in Boston, including Bingham McCutchen LLP, Dechert LLP, Weil, Gotshal & Manges LLP, Wilmer Cutler Pickering Hale & Dorr LLP, Cooley LLP, Foley & Lardner, LLP, K&L Gates LLP, and Morgan, Lewis & Bockius LLP.

B.  **Estimate of Fees Related to this Matter**

4.  From November 29, 2011 through December 31, 2013, Goodwin Procter attorneys, paralegals, case assistants, and other support staff billed a total of 1,948.4 hours in order to defend Alcatel-Lucent from Chalumeau's allegations of infringement in this matter.  After applying discounts to Alcatel-Lucent, the total amount of attorneys' fees billed to and/or paid by Alcatel-Lucent for work down by Goodwin Procter which was reasonably necessary to conduct this litigation through December 31, 2013 is $985,989.08.  In addition to Goodwin Procter's fees, Alcatel-Lucent incurred $30,983.00 in fees associated with the review of documents produced to Chalumeau by non-Goodwin Procter attorneys.  Further, I understand that from November 29, 2011 through December 31, 2013, Morris, Nichols, Arsht & Tunnell LLP attorneys, paralegals, case assistants, and other support staff billed a total of approximately $61,000 in order to defend Alcatel-Lucent from Chalumeau's allegations of infringement in this matter.  Thus, the total amount of fees billed to or paid by Alcatel-Lucent in this matter is

$1,077,972.08.  Alcatel-Lucent continues to incur fees through the conclusion of this motion and will supplement these amounts as any remaining bills are finalized.

5.      Total disbursements and expenses billed to Alcatel-Lucent in this matter were $158,600.20.  Of that amount, expert fees consisted of $14,087.50.

6.      Lawyers acting under my supervision have reviewed all of the time entries billed to Alcatel-Lucent to estimate the extra cost to Alcatel-Lucent moving to dismiss Alcatel-Lucent's French parent company, Alcatel Lucent S.A.  This extra work included, but was not limited to, substantive legal analysis and research, drafting opening, reply and supplement briefs, preparing for oral argument and arguing the motion to dismiss, responding to Chalumeau's jurisdictional related interrogatories and document requests, and preparing for and defending the deposition of Margaret Gelsi.  In total, Goodwin Procter attorneys and paralegals billed a total estimate of 165.6 hours in order to obtain dismissal of Alcatel Lucent SA.  The total amount of the invoice for professional services rendered for that activity, after applying Alcatel-Lucent's 5% discount, was $90,774.83.

7.      Attached as Exhibit A is a true and correct copy of the American Intellectual Property Law Associations ("AIPLA") publication entitled *Report of the Economic Survey 2013*, dated July 2013.  In the Report, the AIPLA published the results of a survey that it had conducted regarding costs of patent cases.  For patent infringement litigations brought by a non-practicing entity with between $1 and $25 million at stake, the median litigation costs (including all attorneys' fees and expenses) was $983,000.  *See* Ex. A at 35.

### C.     Attorney Information

8.      I, Lana Shiferman, was responsible for overall case strategy and supervising the day-to-day activities of this case.  I graduated from American University Washington College of Law in 1999.  I am admitted to practice in Massachusetts and am a member of the U.S. Court of

Appeals for the Federal, First, and Second Circuits, the International Trade Commission, the U.S. District Courts for the District of Massachusetts and the Eastern District of Texas. Since 2000, I have focused on intellectual property litigation with a particular emphasis on patent litigation covering a broad range of technologies, including immunoassay devices, semiconductor manufacturing equipment and methods, power converters, Internet telephony, wireless garage doors, ATM switching devices, wireless routing systems, and virtual power networks. I billed 424.7 hours to this matter from November 2011 through December 2013. My hourly billing rate to Alcatel-Lucent ranged from $725 to $775 per hour.

9.  Tony Downs served as the senior partner on this matter, responsible for overall case strategy. Mr. Downs graduated from the University of Chicago Law School in 1986. He joined Goodwin Procter in 1988 after clerking for Chief Justice William Rehnquist at the United States Supreme Court. Since 2000, Mr. Downs' practice has focused on intellectual property litigation matters. Mr. Downs billed 68.8 hours to this matter from November 2011 through December 2013. Mr. Downs' billing rate to Alcatel-Lucent ranged from billing rate during the time period of this matter ranged from $975 to $1000 per hour.

10. Robert Frederickson is a senior associate who served as the lead associate on this matter starting in May 2012. Mr. Frederickson's work consisted of drafting motions and claim construction briefs, overseeing discovery, defending and taking depositions, and developing invalidity and non-infringement defenses. Mr. Frederickson is a 2007 graduate of Boston College Law School. During his time at the firm, Mr. Frederickson has worked primarily on intellectual property litigation matters. From November 2011 to May 2012, Mr. Frederickson served as a Special Assistant District Attorney for Middlesex County. In 2013, Mr. Frederickson was selected by Super Lawyers magazine as a "Rising Star" in Massachusetts. Mr. Frederickson

4

billed 762.9 hours to this matter from May 2012 through December 2013.  His billing rate to Alcatel-Lucent during the time period of this matter ranged from $550 to $610 per hour.

11. Calvin Wingfield, an associate, billed 71.7 hours on this matter from January 2012 through May 2012.  Generally, Mr. Wingfield's work consisted of assisting in the drafting of the two motions to dismiss filed by Alcatel-Lucent.  Mr. Wingfield is a 2006 graduate of Emory University School of Law.  He joined Goodwin Procter in 2007.  During his time at the firm, Mr. Wingfield has worked primarily on intellectual property litigation matters.  His billing rate during the time period of this matter was $630 per hour.

12. Nana Atsem, an associate, billed 243.7 hours on this matter.  Generally, Ms. Atsem's work consisted of conducting legal research, drafting motions and written discovery, reviewing documents and preparing for depositions.  Ms. Atsem is a 2011 graduate of University of North Carolina School of Law.  She joined Goodwin Procter in 2011.  Her billing rate to Alcatel-Lucent during the time period of this matter was $415 per hour.

13. Ginger Mimier, a department attorney, billed 175.1 hours on this matter. Generally, Ms. Mimier's work consisted of conducting legal research, drafting written discovery, reviewing documents and preparing for depositions.  Ms. Mimier is a 2003 graduate of the University of Michigan Law School.  She joined Goodwin Procter in 2006.  During her time at the firm, Ms. Mimier has worked primarily on intellectual property litigation matters.  Her billing rate during the time period of this matter ranged from $355 to $370 per hour.

14. In addition, the Goodwin Procter attorney team for this case was assisted by the firm's litigation paralegals, litigation support staff, and library staff.  The primary paralegal assigned to this matter was Christine Patton.  Ms. Patton billed 33.7 hours to this matter.  Ms. Patton's hourly billing rate to Alcatel-Lucent for this matter was $285.  Alexander Shaw was the

5

primary case assistant assigned to this matter. Mr. Shaw billed 39.2 hours to this matter, and his billing rate to Alcatel-Lucent was $185.

15.     The above rates changes to Alcatel-Lucent reflect Goodwin Procter's standard billing rates that are set by the firm's management as part of its yearly evaluation of our billing rates.  *See supra* ¶ 3. ████████████████████████████████████████

████████████████████████████████████████████████

### D.     Supporting Exhibits

16.     Attached as Exhibit B is a true and correct copy of excerpts from the hearing transcript dated September 20, 2013.

17.     Attached as Exhibit C is a true and correct copy of excerpts from Form 10-K of Acacia Research Corporation for the fiscal year ended December 31, 2012.

18.     Attached as Exhibit D is a true and correct copy of a Certificate of Formation of Chalumeau Power Systems LLC, produced in this Action by Chalumeau as CHAL00001355-1356.

19.     Attached as Exhibit E is a true and correct copy of an Assignment from Acacia Research Group LLC to Chalumeau Power Systems LLC dated June 7, 2011, and produced in this Action by Chalumeau as CHAL00000123.

20.     Attached as Exhibit F is a true and correct copy of the deposition transcript of Eric Lucas, dated October 22, 2013.

21.     Attached as Exhibit G is a true and correct copy of excerpts from the deposition transcript of Dooyong Lee, dated October 24, 2013.

22.     Attached as Exhibit H is a true and correct copy of a Patent License, License option and Assignment Agreement, dated September 30, 2011 and produced in this Action by Chalumeau as CHAL00009267-9311.

23.     Attached as Exhibit I is a true and correct copy of Lambda Optical Solutions, LLC's Response to Defendant Alcatel-Lucent SA's Motion to Dismiss, dated March 14, 2011 in *Lambda Optical Solutions v. Alcatel Lucent SA, et al.*, 10-487-RGA-CJB (D. Del.).

24.     Attached as Exhibit J is a true and correct copy of excerpts from Plaintiff's Preliminary Infringement Claim Charts to Alcatel-Lucent Usa Inc. and Alcatel-Lucent Holdings Inc. Pursuant To Par. 4.C of the Default Standard For Discovery, dated December 17, 2012.

25.     Attached as Exhibit K is a true and correct copy of Chalumeau Power Systems, LLC's Responses and Objections to Defendants' First Set of Interrogatories (Nos. 1 -14). During fact discovery, Chalumeau never supplemented its response to Alcatel-Lucent's Interrogatory No. 1, 6, 11 or 12.

26.     Attached as Exhibit L is a true and correct copy of an email from Jim Jorgensen to Robert Frederickson, dated November 8, 2013.

27.     Attached as Exhibit M is a true and correct copy of the deposition transcript of Clayton Haynes, dated November 15, 2013.

The foregoing statement is made under pains and penalties of perjury.

Dated:  February 14, 2014                       */s/ Lana S. Shiferman*
                                                Lana Shiferman