IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHALUMEAU POWER SYSTEMS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 1:11-cv-01175 |
| | ) |
| ALCATEL-LUCENT, ALCATEL-LUCENT | ) |
| USA INC., and ALCATEL-LUCENT | ) |
| HOLDINGS INC. | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF CHRISTOPHER GODZIELA IN SUPPORT OF ALCATEL-LUCENT'S MOTION FOR ATTORNEYS' FEES PURSUANT TO 35 U.S.C. § 285

I, Christopher Godziela, declare as follows:

1.      I am employed by Alcatel-Lucent USA, Inc. ("Alcatel-Lucent") as a Senior IP Corporate Counsel in Murray Hill, New Jersey.  I have been employed by Alcatel-Lucent, or its predecessor, Lucent Technologies, since 2002.  From 1995 to 2002, I was employed by AT&T Corp., where I worked on litigation matters involving patents and other intellectual property. Prior to that, I was an associate with Fish & Neave in New York.  My responsibilities at Alcatel-Lucent include, among other things, managing patent litigation cases where Alcatel-Lucent is a party.

2.      My understanding is that Lambda Optical Solutions LLC ("Lambda") is a wholly-owned subsidiary of Acacia Research Group LLC, which was formerly named Acacia Patent Acquisition LLC.  I understand Acacia Research Group LLC and its predecessor to be subsidiaries of the publicly traded company, Acacia Research Corporation (collectively, "Acacia"). Alcatel-Lucent has been sued for patent infringement by Acacia through several of its subsidiaries while I have been employed at Alcatel-Lucent.  During the pendency of the

Case 1:11-cv-01175-RGA   Document 169   Filed 03/14/14   Page 2 of 4 PageID #: 3491
Chalumeau case, Alcatel-Lucent was litigating at least three other cases with various Acacia entities.

3.      In my capacity of managing patent litigations for Alcatel-Lucent, I have communicated and negotiated with employees of Acacia responsible for Acacia's subsidiaries' enforcement activities.

4.      On June 4, 2010, Lambda filed a patent infringement lawsuit in the District of Delaware against Alcatel-Lucent. The Complaint also named Alcatel-Lucent SA, Alcatel-Lucent Holdings, Inc., and Alcatel-Lucent Marketing, Inc. as defendants. *See* No. 1:10-cv-00487-RGA-CJB, D.I. 1.

5.      At the time Chalumeau filed this case against Alcatel-Lucent in November 2011, the person that was responsible for managing the Lambda case for Acacia was Marc Frechette. Mr. Frechette was a Vice President at Acacia, and I had occasion to speak with Mr. Frechette on several occasions about the potential resolution of that lawsuit. After Chalumeau sued Alcatel-Lucent, our discussions generally involved the resolution of both the Chalumeau and Lambda cases as well as other cases Acacia entities had filed against Alcatel-Lucent.

6.      When Mr. Frechette left Acacia in early 2013, another Acacia employee, Steve Wong, took over negotiations on behalf of Acacia for both the Lambda and Chalumeau cases. After Steve Wong, another Acacia employee, Eric Lucas took over negotiations on behalf of Acacia for both the Lambda and Chalumeau cases.

7.      Throughout the duration of the Lambda and Chalumeau cases, and based upon conversation with Acacia employees concerning those cases, I understood that Acacia, the parent of Chalumeau and Lambda, was responsible for controlling both of the litigations against Alcatel-Lucent.

8.      During discussions arising out of a mediation in late August 2012, Marc

Frechette offered to settle three of the pending cases filed by Acacia entities against Alcatel-

Lucent.  I understood the Chalumeau component of that offer to be valued by Acacia at

$800,000.  On January 10, 2014, Chalumeau offered to settle this case for $100,000.  When

Alcatel-Lucent rejected that offer, later that same day (January 10, 2014), Chalumeau stated that

it would walk away from the case.

The foregoing statement is made under pains and penalties of perjury.

Dated:  March 14, 2014

Christopher Godziela

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 14, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 14, 2014, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                               *VIA ELECTRONIC MAIL*
Rosemary J. Piergiovanni, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801

James A. Jorgensen, Esquire                                         *VIA ELECTRONIC MAIL*
Michael E. Lee, Esquire
Joshua B. Long, Esquire
LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.
1800 Augusta Drive, Suite 250
Houston, TX  77057

Hemant H. Kewalramani, Esquire                              *VIA ELECTRONIC MAIL*
LEE, JORGENSEN, PYLE & KEWALRAMANI, P.C.
440 West 1st Street, Suite 205
Tustin, CA  92780


                                        */s/ Paul Saindon*
                                        Paul Saindon (#5110)