IN THE UNITED STATES DISTRICT COURT
for the
DISTRICT OF DELAWARE

| | |
|---|---|
| CHALUMEAU POWER SYSTEMS LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALCATEL-LUCENT USA INC., et al., ) <br> ) <br> Defendants. ) | C.A. No. 11-1175 (RGA) |

### CLERK'S TAXATION OF COSTS

Plaintiff, Chalumeau Power Systems LLC ("Chalumeau"), filed a Motion to Dismiss based upon Voluntary Dismissal (DI 150) on January 28, 2014. The motion was granted by the Court's January 31, 2014 Order (DI 153). Defendants, Alcatel-Lucent USA Inc. and Alcatel Lucent Holdings Inc. (collectively "Defendants") then filed their Bill of Costs with the Declaration of Lana S. Shiferman (DI 156 and 157, respectively) on February 14, 2014. Plaintiff, Chalumeau Power Systems LLC responded by filing Objections to the Bill of Costs (DI 164) on March 4, 2014.

The Clerk of Court may tax costs in accordance with District of Delaware Local Rule 54.1. Local Rule 54.1(a)(1) states "The party shall, within 14 days after the time for appeal has expired or within 14 days after the issuance of the mandate of the appellate court, file a bill of costs." Defendants have filed their Bill of Costs before the time for appeal has expired according to App. R. 4(a)(1)(A). The Clerk, however, finds this issue moot as the time for appeal has expired without the filing of a notice of appeal by either party.

   The Clerk of Court may tax costs in favor of the prevailing party, in accordance with District Court Local Rule 54.1. There is no dispute that Defendants prevailed in this matter. The Defendants' Bill of Costs requests the Clerk tax $68,104.28. Chalumeau offers that the costs be reduced to $13,086.60. The Clerk has considered the bill of costs as well as the objections.

   Therefore,

         **IT IS ORDERED**, that

I. Defendants' request for reimbursement of deposition costs in the amount of $24,216.47 is **DENIED**.

  A. LR 54.1(b)(3) states: " The reporter's reasonable charge for the original and one copy of a deposition and the reasonable cost of taking a deposition electronically or magnetically recorded are taxable where a **substantial portion of the deposition is used in the resolution of a material issue in the case.**" (emphasis added).

  B. Defendants have submitted several invoices from multiple vendors (DI 157, Ex. 2). The invoices reflect charges for the taking of witness depositions. Defendants have submitted no evidence that a substantial portion of any deposition was admitted into evidence at trial or otherwise used in the resolution of a material issue in the case.

  C. Plaintiff objects to taxing deposition costs for failure to comply with LR 54.1(b)(3).

  D. For the reasons stated above, the request for deposition costs is **denied**.

II. Defendants request trial transcripts to be taxed, in the amount of $1,753.55. The request is **DENIED.**

  A. LR 54.1(b)(2) states: "The cost of the originals of a trial transcript, a daily transcript and of a transcript of matter prior or subsequent to trial, furnished the Court, are taxable **when requested by the Court or prepared pursuant to stipulation... Copies of**

**transcripts for counsel's own use are not taxable**" (emphasis added).

    B.    Defendants argue that the transcripts were used in briefing and in case strategy. The Clerk finds that this would fall under "counsel's own use" and is therefore, not taxable.

    C.    Plaintiff objects to taxing transcript fees for failure to comply with LR 54.1(b)(2)

    D.    For the reasons stated above, the request for transcript fees is **denied**

III.    Defendants request witness fees be taxed in the amount of $280.00. The request is **DENIED**.

    A.    LR 54.1(b)(4) states: "The rates for witness fees, mileage and subsistence are fixed by 28 U.S.C. § 1821. Such fees are taxable even though the witness does not take the stand, **provided the witness attends Court**." (emphasis added).

    B.    Defendants provide a detailed explanation for each witnesses relevance to the matter, but fail to indicate that these witnesses were in fact compensated for their time by the Defendants. Nor is it clear whether these witnesses appeared in Court at any time.

    C.    Plaintiff objects to taxing witness fees in favor of Defendants for these particular witnesses on the grounds that these are *plaintiff"s* witnesses.

    D.    The Clerk finds that Defendants have not complied with LR 54.1(b)(4).

    E.    For the reasons stated above, the request for witness fees is **denied.**

IV.    Defendants request costs for copies to be taxed in the amount of $564.09. This request is **DENIED**.

    A.    28 U.S.C. § 1920(4) allows taxation of "fees for exemplification and the costs of making copies of any materials **where the copies are necessarily obtained for use in the case**." (emphasis added). LR 54.1(b)(5) states "The cost of copies of an exhibit necessarily attached to a document **required to be filed and served** is taxable. The cost of one copy of a document is taxable when **admitted into evidence**. The cost of copies

        obtained for **counsel's own use is not taxable**." (emphasis added).

    B.    Defendants request the cost of copies of exhibits attached to depositions, which they have also requested be taxed. Defendants ask for the cost of 3 copies of each exhibit. Defendants do not indicate whether these exhibits were attached to a document required to be filed, or admitted into evidence.

    C.    Plaintiff objects on the grounds that Defendants have not proved that these exhibits were "necessarily obtained for use in this case".

    D.    The Clerk finds that Defendants have not complied with LR 54.1(b)(5) or 28 U.S.C. § 1920(4).

    E.    For the reasons stated above, the request for copy fees is **denied.**

V.    Defendants request costs for electronic discovery to be taxed in the amount of $41,290.17. The Clerk taxes cost in the amount of **$13,086.60**.

    A.    Defendants request the cost of electronic discovery in lieu of the cost of copying, citing 28 U.S.C. § 1920(3) and (4), along with case law. Any reference to case law requires a judicial determination to be made by the Court, rather than the Clerk.

    B.    Plaintiff argues, citing case law, that non-copying activities are not taxable under 28 U.S.C. § 1920(4). Again, the Clerk's role is only to interpret the Federal Rules of Civil Procedure and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware. Any interpretation of case law must be reviewed by the Court.

    C.    Based solely on the fact that plaintiff does not object to the charges for conversion of native files to TIFF format, the Clerk taxes costs in the amount of **$13,086.60.**

The total costs hereby taxed in favor of defendants, Alcatel-Lucent USA Inc. and Alcatel Lucent Holdings Inc., and against plaintiff, Chalumeau Power Systems LLC , with interest thereon at the applicable post-judgment rate specified in 28 U.S.C. § 1961 (as amended 1982), are as follows:

1. Deposition Transcript Fees ..............................................................................DENIED

2. Trial Transcript Fees........................................................................................DENIED

3. Witness Fees....................................................................................................DENIED

4. Copy Fees........................................................................................................DENIED

5. Electronic Discovery Costs..........................................................................$13,086.60

**TOTAL**..............................................................................................................**$ 13,086.60**

Dated: March 21, 2014

    John A. Cerino, Clerk
U.S. District Court for
the District of Delaware

/s/ Chelsea Attanasio
By Chelsea Attanasio
Deputy Clerk

cc:   The Honorable Richard G. Andrews

(By CM/ECF)
Brian Farnan
Rosemary Piergiovanni
Jack Blumenfeld
Paul Saindon

John A. Cerino, Clerk of Court