# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHALUMEAU POWER SYSTEMS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALCATEL-LUCENT USA INC., and<br>ALCATEL-LUCENT HOLDINGS INC.,<br><br>Defendants. | Civil Action No. 11-1175 (RGA) |

## MEMORANDUM ORDER

Before the Court is Defendants' Submission for Attorneys' Fees and Costs and Plaintiff's Response. (D.I. 180, 184). This Court previously granted the Defendants' Motion for Attorneys' Fees and Costs (D.I. 179), and the Court requested supporting documentation to determine the appropriate amount of fees. For the reasons stated below, the Court determines that the appropriate amount of fees is $799,096.02.

Defendants seek $1,182,635.55 of attorneys' fees for defense of the case, $53,367.68 of attorneys' fees for the fees' litigation, and $97,098.70 for expenses not taxed as costs, for a total of $1,333,101.93. Plaintiff has three objections. The first is that the hourly rates are unreasonable; the second is that the "lodestar" should be adjusted downward; and the third is that no fees should be awarded for work before November 5, 2013.

Defendants argue that the fees charged by its Boston-based attorneys at Goodwin Procter LLP were reasonable. (D.I. 180 at pp.2-8). Defendants further contend that in this case, the relevant community for determining reasonable attorneys' fees in this forum is non-Delaware counsel handling patent infringement cases inside Delaware. (D.I. 180 at p.2). Defendants argue

1

that their attorneys' fees reflect the services provided by the attorneys and are consistent with national data on patent litigation fees. (D.I. 180 at pp.4-8). Accordingly, Defendants requested attorneys' fees and costs totaling $1,333,101.93.

Plaintiff argues that Defendants have not demonstrated that the general forum rule does not apply, and that Defendants have not demonstrated that patent litigation in Delaware requires special expertise that would not be available at a local law firm. (D.I. 184 at pp.2-3). Plaintiff also argues that Defendants' billing rates are unreasonable, especially when compared to billing rates for Delaware intellectual property attorneys, as well as national averages. (D.I. 184 at pp.3-7). Plaintiff proposes that fees should instead be based on median Delaware intellectual property attorney billing rates, as reported by a recent report of the American Intellectual Property Law Association. (D.I. 184 at pp.3-5). Using this method, Plaintiff offers that the total for attorneys' fees and expenses would be $799,096.02. Plaintiff further proposes that all of Defendants' billable time prior to November 5, 2013 be excluded as unnecessary, which would result in fees and expenses of $107,117.80. (D.I. 184 at p.7 n.4).

The Patent Act provides that "in exceptional cases [the court] may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). The Supreme Court has explained that "[s]ection 285 demands a simple discretionary inquiry; it imposes no specific evidentiary burden, much less [a high burden such as clear and convincing evidence]." *Id.* at 1758. To determine reasonable attorneys' fees, courts generally use the "lodestar" approach, where the number of hours reasonably spent is multiplied by a reasonable hourly rate. *Bywaters v. U.S.*, 670 F.3d 1221, 1225-29 (Fed. Cir. 2012). Adjustments

2

of the lodestar calculation upward or downward may be made in "rare" and "exceptional" circumstances, and a court must justify its deviation with specific evidence. *Id.* at 1229-30. Federal Circuit case law, not Third Circuit case law, governs claims for attorneys' fees under section 285 of the Patent Act. *Id.* at 1227-28. Reasonable hourly rates for purposes of the lodestar calculation should generally use the rate of the forum court. *See id.* at 1232-33. There is a very limited exception to this forum rule "where local counsel is either unwilling or unable to take the case," but "only where supported by specific evidence that no local attorneys possess the 'special expertise' necessary to take the case or that no local attorneys were willing to take the case." *Id.* at 1233-34 (citations omitted) (internal quotation marks omitted).

The forum rate in this matter must be governed by the rate for Delaware intellectual property attorneys. This forum court is in Delaware, not Massachusetts. The limited exception to the forum rule cannot apply because a number of Delaware attorneys can, and do, capably litigate patent matters. Defendants have not demonstrated, or even tried to demonstrate, that no Delaware attorneys possess the expertise to handle a patent case. Indeed, many do.[1] In exercising discretion in this inquiry, I find that attorneys' fees and expenses should be governed by the prevailing Delaware market rates for patent litigation. Therefore, this Court finds that reasonable attorneys' fees and expenses, using Delaware rates, is $799,096.02.

This Court is not convinced that the lodestar calculation should be adjusted up or down, despite Plaintiff and Defendants' arguments on the matter. The specialized skill that patent litigators possess, as argued by Defendants, is captured by the hourly rates of Delaware intellectual property litigators. (*See* D.I. 180 at p.11). Similarly, this Court is not convinced that

---

[1] Off the top of my head, I can think of at least four Delaware firms whose lawyers have appeared before me as lead counsel in patent litigation.

3

Defendants have demonstrated that there is an exceptional circumstance with respect to the result obtained or the amount involved. (*See id.* at pp.12-13). Nor do I think the rates should be adjusted downward simply because Defendants did not win on a dispositive motion or at trial. Defendants' result was just as good.

Plaintiff argues unconvincingly that expenses and fees prior to November 5, 2013 should be excluded because they were not reasonably necessary. (D.I. 184 at p.7 n.4). On that date, the Court granted Defendants' motion to amend to assert a licensing defense. Because the licensing agreement predates the litigation, and this Court determined the licensing defense was not untimely, it is not clear why the recovery should exclude fees and expenses from before November 5, 2013. Defendants had to litigate the case until they learned of the licensing defense. It makes no sense (and perhaps that is why the argument is limited to a footnote) to say that defending the case was not reasonably necessary.

In sum, for the above reasons, the Court orders attorneys' fees and costs of $799,096.02 to Defendants.

Entered this 6th day of November, 2014.

                                                                                                                                  */s/ Richard G. Andrews*
United States District Judge